IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| RICHARD SHAWN HENDERSON | § | |
| v. | § | CIVIL ACTION NO. 6:09cv246 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Richard Henderson, proceeding *pro se*, filed this application for the writ of habeas corpus complaining of the legality of his conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Henderson was convicted of delivery of a controlled substance in the 114th Judicial District Court of Smith County, Texas, receiving a sentence of 15 years in prison. He filed a direct appeal, which was dismissed on October 31, 2007, for want of jurisdiction. Henderson did not seek discretionary review from this dismissal, but filed a state habeas corpus petition on October 14, 2008. This petition was dismissed without written order on March 18, 2009, and Henderson filed his federal habeas petition on May 22, 2009.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition be dismissed based on the expiration of the statute of limitations. The Magistrate Judge stated that Henderson's conviction became final on November 30, 2007, at the expiration of his time in which to seek discretionary review, and so counted the limitations period as beginning to run on December 3, 2007. His state habeas petition was filed October 14, 2008, which is 316 days later, and so this petition stopped the limitations clock with 49 days remaining. This time started to

1

run again on March 18, 2009, when the state petition was denied, and thus expired on May 6, 2009. Because Henderson's federal petition was signed on May 22, 2009, the Magistrate Judge determined that the petition was filed outside of the limitations period. The Magistrate Judge also concluded that Henderson had shown no basis upon which to equitably toll the limitations period. The Magistrate Judge also recommended that Henderson be denied a certificate of appealability *sua sponte*.

In his objections to the Magistrate Judge's Report, Henderson says that after his appeal was dismissed for want of jurisdiction, he did not seek discretionary review, nor did he file a petition for writ of certiorari with the U.S. Supreme Court. Thus, he says that his conviction became final on January 31, 2009, which is when the time for seeking certiorari expired.

Based on this calculation, Henderson says that he filed his state habeas petition 286 days after his conviction became final, leaving him until June 5, 2009, in which to file his federal habeas petition. Because this petition was filed on May 22, 2009, Henderson argues that it was timely.

Henderson cites Howland v. Quarterman, 507 F.3d 840 (5th Cir. 2007) in support of his time calculations. This case holds that a conviction is "final" for federal habeas corpus petitions when the petition for certiorari is denied by the Supreme Court, not when a petition for rehearing of certiorari is denied or the time to seek such rehearing expires. However, in Howland, the petitioner's conviction was affirmed on direct appeal, and then affirmed by the Texas Court of Criminal Appeals, and he sought certiorari from the affirmance by the Court of Criminal Appeals.

In the present case, Henderson did not appeal his conviction to the Court of Criminal Appeals. Thus, he waived his right to seek a writ of certiorari from the U.S. Supreme Court. Roberts v. Cockrell, 319 F.3d 690, 693 & n.14 (5th Cir. 2003). This is because, as the Fifth Circuit explained, the Supreme Court rules provide that the certiorari petition must be filed within 90 days of the date that the state court of last resort entered judgment, and the certiorari review is of the decision of a state court of last resort.

The Fifth Circuit explained that if the petitioner took a direct appeal of his conviction to the state court of last resort, which is the Texas Court of Criminal Appeals, then the conviction becomes final on the conclusion of direct review or the expiration of the time for seeking such review. This period includes the 90 days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort.

However, the Fifth Circuit said, if the habeas petitioner stopped his direct appeal before that point (i.e. before taking his appeal to the state court of last resort), then the conviction becomes final when the time for seeking further direct review in the state court expires. Roberts, 319 F.3d at 694; Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008).

In this case, as in Butler, Henderson did not take his appeal to the state court of last resort, because he did not seek a petition for discretionary review. This distinguishes his case from Howland, because the petitioner in Howland did seek discretionary review and thus was able, if he chose, to seek certiorari from the Supreme Court. Because Henderson did not seek discretionary review, his conviction became final at the expiration of the time in which he could do so; he does not get the benefit of the 90-day period in which to seek certiorari, but rather had waived his right to do so by not appealing to the state court of last resort. In other words, because Henderson did not seek discretionary review from the Court of Criminal Appeals, his conviction became final at the expiration of the time in which he could do so, and because he did not, he cannot count the 90-day period for seeking certiorari from the Supreme Court. The Magistrate Judge did not err in computing the limitation periods applicable to Henderson's case, and Henderson's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Richard Henderson is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 19th day of November, 2009.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**